IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CV343 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGMENT AND DECREE |
| | ) | OF FORECLOSURE |
| DENNIS W. WENDLAND, et al., | ) | AND ORDER OF SALE |
| | ) | |
| Defendant(s). | ) | |

This matter is before the Court for determination upon the Complaint filed by the Plaintiff, United States of America. The Plaintiff appears by and through its attorneys, Michael G. Heavican, United States Attorney for the District of Nebraska, and Robert L. Homan, Assistant United States Attorney for the District. The Defendants Dennis W. Wendland and First Central Bank have failed to answer or otherwise appear or plead to the allegations contained in the Complaint and the Defendants are in default in this action.

The Court has jurisdiction of these proceedings pursuant to Title 28, United States Code, § 1345, and the Court finds that due and legal notice of the pendency of this action has been given. The Court has acquired jurisdiction of all the parties.

The Clerk has entered the Defendants' default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure and the Court's local rules. (Filing No. 6). The motion for default judgment (Filing No. 7) is supported by the Affidavit of E. Scott Blehm and the Declaration of Robert L. Homan. (Filing No. 8). When a proper motion for default judgment is raised, a court will bind the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint. *See Angelo*

*Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) *citing Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988); Fed.R.Civ.P. 55(b)(2). Accordingly, I find the allegations of Plaintiff's Complaint are true, and the Plaintiff is entitled to a Decree of Foreclosure and Order of Sale as prayed.

The Court finds that the premises herein described will sell to the best advantage in one entire tract. There is due and owing to the Plaintiff as of July 26, 2006, the principal sum of $13,631.69, plus accrued interest in the amount of $1,392.73, together with interest accruing at the rate of $3.3571 per day from July 26, 2006, until the date of entry of this decree, plus $1,195.08 interest credit or subsidy subject to recapture. Interest will accrue on the sums from and after the date of entry of this decree at the legal rate of 5.07 % computed daily and compounded annually until paid in full. The amount due Plaintiff as stated herein is the first lien on the following described real estate in Furnas County, Nebraska, to-wit:

> Lot Seven (7), Block Seven (7), Colvin's First Addition to Arapahoe, Furnas County, Nebraska.

For these reasons, I conclude that the motion should be granted.

IT IS ORDERED, ADJUDGED AND DECREED:

1. The Motion for Default Judgment (Filing No. 7) is granted;

2. Judgment is entered against defendants Dennis W. Wendland and First Central Bank;

3. The above and foregoing findings are made a part of this decree and order and by this reference;

4. If the costs as indicated below and the several amounts above found due and interest thereon are not paid within twenty (20) days of the date of this Judgment and Decree, then all equity of redemption in the premises shall be foreclosed and the premises sold as upon execution in one entire tract;

5. Plaintiff shall apply for and the Clerk of the United States District Court shall issue an Order of Sale;

6. The United States Marshal for the District of Nebraska shall thereupon advertise and sell, according to law, the aforementioned property;

7. As upon execution, the United States Marshal shall report his proceedings under this Decree and Order to this Court and shall deposit the proceeds of the sale, if any, into the Registry of the Court;

8. Upon confirmation of the sale, the Clerk shall apply the proceeds as follows:

   a. First, to the payment of the costs of the Plaintiff, and to the United States Marshal for service of Summons and Complaint and execution of Order of Sale;

   b. Second, to the payment of the amount found due the Plaintiff with interest thereupon according to law;

   c. Third, to the payment of the costs of the United States Marshal for per diem and special requirements; and

   the Clerk shall retain in the Registry of the Court any surplus from the sale until further order of the Court;

9. The aforementioned costs will be determined, after confirmation of sale, pursuant to the procedures described in NECivR 54.1; and

10. Upon confirmation by the Court of the sale of the aforementioned real estate, the United States Marshal shall execute a deed to the purchaser(s); and the parties of this Decree and Order and all persons claiming under them are ordered to deliver possession of the real estate to such purchaser(s).

Dated this 30th day of August, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge